UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-00763 JGB (KKx)** | Date | May 4, 2017 |
| Title | *Tina Clippinger v. Jon Gilbert, et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order: REMANDING the matter, on the Court's own motion, to Riverside County Superior Court (IN CHAMBERS)

On April 20, 2017, Jon Gilbert ("Defendant"), proceeding pro se, removed this unlawful detainer action to this Court (Case No. SWC 1700405). (Notice of Removal, Dkt. No. 1.) Because this Court lacks subject matter jurisdiction over the unlawful detainer action, it REMANDS the matter to the Riverside County Superior Court.

Federal law empowers a defendant to remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterprillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332(a) (diversity). In his removal motion, Defendant alleges federal question jurisdiction under section 1983 "because the plaintiff has filed the lawsuit in violation" of Defendant's rights under the Civil Rights Act of 1964. (Notice of Removal ¶ 5.)

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983). An unlawful detainer, or eviction action is a matter of state law. McGee v. Hildebrand, 19 Fed. Appx. 582, 583 (9th Cir. 2001) (finding the defendant's claim that an unlawful detainer action violated his federal rights insufficient to establish subject matter jurisdiction where the defendant failed to identify any state statute or constitutional provision that purported to command the state courts to ignore federal rights). Here, the Complaint alleges a single claim for unlawful detainer. (Notice of Removal.)

Thus, this action could not have originally been brought in federal court in that the state court complaint does not allege facts supplying federal question jurisdiction.

That a federal question may arise during the litigation in connection with a defense or counterclaim is insufficient to establish subject matter jurisdiction for purposes of removal. <u>Rivet v. Regions Bank of La.</u>, 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim ."). A single claim for unlawful detainer, therefore, does not invoke this Court's jurisdiction. <u>See</u> <u>Canterbury Lots 68, LLC v. De La Torre</u>, No. 13–cv–00712, 2013 WL 781974, *3 (C.D. Cal. Feb.28, 2013) (remanding action where complaint only raised a single cause of action for unlawful detainer); <u>Golden Union Properties, LLC v. Amesquita</u>, No. 10–cv–09607, 2011 WL 321095, *3 (C.D. Cal. Jan.26, 2011) (remanding case for lack of subject matter jurisdiction where complaint contained only an unlawful detainer claim). As such, removal was improper.

A district court may remand an action to state court for lack of subject matter jurisdiction on its own motion. 28 U.S.C. § 1447(c). Accordingly, the Court REMANDS this action to the Riverside County Superior Court. The Clerk of the Court is directed to serve a copy of this order on the Riverside County Superior Court and to serve the Parties in the customary manner.

**IT IS SO ORDERED.**